UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>     -against-<br><br>PCGNY CORP., SKYLINE RESTORATION INC., AFFILIATED FM INSURANCE COMPANY, as subrogee of DAYTON BEACH PARK NO. 1 CORP., AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, and NAVIGATORS INSURANCE COMPANY,<br><br>        Defendants. | 20-CV-10381 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

   In early 2011, the owner of a New York City apartment complex hired Skyline Restoration, who then subcontracted with PCGNY Corp., to replace the apartments' roofs. The roofs were later damaged during Superstorm Sandy. The apartment complex's insurance company claimed that the roofs were damaged because of Skyline and PCGNY's faulty work. The insurer sued Skyline and PCGNY in state court seeking to recover damages. Skyline and PCGNY each sought coverage under their respective insurance policies. Their insurers then brought this action seeking a declaration that they are not obligated to cover Skyline and PCGNY for claims related to the state court case. In a well-reasoned Report and Recommendation, Magistrate Judge Aaron concluded, based on longstanding New York law, that Skyline and PCGNY are not entitled to coverage from their insurers.

   The Court now considers Skyline and PCGNY's objections to Judge Aaron's Report and Recommendation and determines that none of their objections have merit. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety.

## BACKGROUND

The Court adopts the recitation of facts set forth by Judge Aaron in the Report and Recommendation and assumes the parties' familiarity therewith. ECF No. 147 ("R&R"). The Court will repeat only those facts relevant to the consideration of Skyline and PCGNY's objections.

This declaratory action centers around the obligations and liabilities of various insurers in connection with a lawsuit pending in the Supreme Court of the State of New York, Queens County (the "Underlying Action"). That action is for damages allegedly caused by faulty workmanship to the roofs of a New York City apartment complex. *See* R&R 2–3, 6. In the Underlying Action, Defendant Affiliated FM Insurance Company ("Affiliated"), a subrogee of the owner of the apartment complex, sued Defendant Skyline Restoration, Inc. ("Skyline") for breaches of warranty and contract for "defective, faulty and unworkmanlike removal and replacement of the roofs." *Id*. at 3, 5–6. Skyline filed a Third-Party Complaint against its subcontractor on the roof replacement project, Defendant PCGNY Corp. ("PCGNY"). *Id*. at 3, 6.

Plaintiff The Burlington Insurance Company ("Burlington") brings the current action against Defendants Skyline, Affiliated, PCGNY, American Empire Surplus Lines Insurance Company ("AESLIC"), and Navigators Insurance Company ("Navigators," and together with Plaintiff and AESLIC, the "Insurers") seeking a declaration that: (1) it has no duty to defend and/or indemnify PCGNY and/or Skyline under either of its commercial general liability ("CGL") policies (the "Policies") in connection with the claims in the Underlying Action; (2) it is permitted to withdraw from the defense it is currently providing PCGNY in the Underlying Action; (3) it is entitled to reimbursement of all costs expended in providing a courtesy defense to PCGNY in the Underlying Action; (4) it has no duty to reimburse Affiliated for the sums

allegedly incurred by Affiliated in connection with the Underlying Action; and (5) coverage provided under insurance policies issued by AESLIC and Navigators to Skyline is primary to any coverage obligation Burlington may have. ECF No. 1-1 ("Complaint") ¶ 2.

On October 10, 2023, Burlington filed a motion for summary judgment seeking the relief requested in its Complaint, ECF No. 115; AESLIC and Navigators filed a joint motion for summary judgment seeking to dismiss all claims against them, ECF No. 104; and Affiliated filed a motion for judgment on the pleadings or, in the alternative, for summary judgement dismissing all claims against it, ECF No. 110. The Court referred this case to Magistrate Judge Aaron for general pretrial purposes and dispositive motions requiring a report and recommendation. ECF No. 143.

On February 24, 2024, Judge Aaron recommended that:

(1) Burlington receive a declaration that:

> (a) it has no duty to defend and/or indemnify PCGNY and/or Skyline under the Policies in connection with the claims in the Underlying Action,
>
> (b) it is permitted to withdraw from the defense it is currently providing PCGNY in the Underlying Action under one of the Policies, and
>
> (c) it has no duty to reimburse Affiliated for the sums incurred by it in connection with the Underlying Action;

(2) Burlington's motion for summary judgment declaring that it is entitled to reimbursement of all costs expended in providing a defense to PCGNY in the Underlying Action be denied without prejudice;

(3) AESLIC and Navigators' motion for summary judgement be granted; and

(4) Affiliated's motion be denied.

See R&R at 28, 31.

**LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For portions of the report and recommendation "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation and quotation marks omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

**DISCUSSION**

Skyline and PCGNY assert three main objections to the R&R, none of which have merit. First, Skyline and PCGNY contend that the R&R wrongly decided that no coverage exists, despite clear precedent supporting this conclusion. Second, they contend that Judge Aaron impermissibly relied on extrinsic evidence, evidence that Skyline and PCGNY themselves cited to, in deciding the R&R. Third, Skyline and PCGNY argue that the R&R fails to properly consider evidence demonstrating that Superstorm Sandy, and not Skyline's/PCGNY's own work, caused the alleged property damage in the Underlying Action.

I. **Judge Aaron Correctly Applied New York State Law**

Skyline and PCGNY argue that Judge Aaron misapplied New York state law by (1) failing to follow a decision by the United States Court of Appeals for the Tenth Circuit interpreting New York contract law or, in the alternative, by not estimating how the New York Court of Appeals would rule on a question of law presented in this case; (2) ignoring certain exclusions contained in the Policies, thus rendering those exclusions meaningless in contravention with New York's principles of contract interpretation; and (3) mistakenly relying on distinguishable and non-binding case law to support his decision. *See* ECF No. 148 ("Objection" or "Obj.") at 4–10. None of these arguments are availing.

First, as part of its analysis that the Insurers have no coverage obligations, the R&R correctly concludes that under New York law, "damage to an insured's own work or product does not constitute 'property damage' caused by an 'occurrence' within the meaning of" a commercial liability insurance policy, like those at issue here. R&R at 18 (quoting *Eurotech Constr. Corp. v. QBE Ins. Corp.*, 137 A.D.3d 605, 606 (1st Dep't 2016)). This conclusion is based on long standing and well-established New York precedent. *See* R&R at 18, 20–21.

Despite the clarity in the law, Skyline and PCGNY argue that (1) Judge Aaron should have follow a contrary interpretation of New York law as applied in a decision by the United States Court of Appeals for the Tenth Circuit, and (2) even if Judge Aaron declined to follow the decision by the Tenth Circuit, he should have estimated how the New York Court of Appeals would determine this issue as a matter of first impression. Obj. at 4–7. Not only are these arguments without merit, but they are also identical to those raised in Skyline and PCGNY's opposition to summary judgement. *See* ECF No. 132 at 15–20. Thus, the Court need only review this portion of the R&R for clear error and, finding none, adopts the findings in the R&R.

Second, Skyline and PCGNY aver that "by concluding that property damage caused by PCGNY's alleged faulty work does not constitute an 'occurrence' under the Policies," the R&R renders the Policies' "'Your Work' exclusions, including their express carveout for work 'performed on [the insured's] behalf by a subcontractor,' meaningless." Obj. at 8. In doing so, they argue, the R&R contravenes "well-established New York law" requiring courts to "afford a fair meaning to *all of the language* employed by the parties in the contract leaving no provision without force and effect." *Id*. at 7–8 (cleaned up). Skyline and PCGNY are incorrect—Judge Aaron's analysis of the Policies' afforded a full and fair meaning to the terms of the contracts.

Indeed, far from contravening New York law, the R&R correctly applied a recent decision issued by the New York Supreme Court holding that CGL policies, even those containing a Your Work exclusion for damage caused by a subcontractor, do not cover as occurrences defective workmanship claims "unless the defective workmanship causes damages to property that is outside of the scope of the insured's construction project." *See* R&R at 21 (quoting *RD Rice Const., Inc. v. RLI Ins. Co.*, No. 651185/2015, 2020 WL 2332871, at *7 (N.Y. Sup. Ct. May 7, 2020)). Because the claims in the Underlying Action are not for "damages to property that is outside of the scope of the insured's construction project," Judge Aaron correctly applied New York law to determine that the Your Work exclusion does not affect the conclusion that the damages in the Underlying Action are not the result of an "occurrence." Therefore, the R&R did not ignore the Policies' exclusions or render them meaningless and instead, found them to be inapplicable based on relevant principles of New York law.

Finally, Skyline and PCGNY contend that the R&R "relies on distinguishable, nonbinding judicial decisions from both the Supreme Court of New York and this District." Obj. at 9–10. Instead of explaining how they believe Judge Aaron misapplied various cases and the

effects of those misapplications, Skyline and PCGNY merely list a selection of cases cited in the R&R and attempt to distinguish each one on irrelevant grounds.

For instance, the Objection states, without explanation, that Judge Aaron's reliance on *RD Rice* is misplaced because the court there "held that 'under New York law, there was no occurrence under the Policy, **except** as to the Tamers' rug." Obj. at 9 (quoting *RD Rice*, 2020 WL 2332871, at *7). The Court assumes that the Objection intends to suggest that Judge Aaron misstated the holding of *RD Rice* because the court in that decision determined that damage to certain of the insured's property, their rug, constituted an occurrence. If so, Skyline and PCGNY are incorrect. As discussed above, Judge Aaron correctly cited to *RD Rice* for the proposition that "the New York Supreme Court expressly declined to follow [a decision by the Tenth Circuit], and instead followed the Appellate Division's decision," and that even though the insurance policies in question contained certain exclusions, "defective workmanship claims were not covered 'occurrences' under New York law." R&R at 21 (citing *RD Rice*, 2020 WL 2332871, at *7). The New York Supreme Court's finding that damage to the insured's rug constituted an occurrence does not undermine Judge Aaron's reasoning. The insurers were obligated to cover damage to the rug precisely because the rug was "not part of the [insured's] work product." *RD Rice*, 2020 WL 2332871, at *7. This is entirely consistent with Judge Aaron's treatment of the case.

Skyline and PCGNY's other attempts to distinguish select cases in the R&R are equally meritless. Accordingly, the Court rejects these objections.

## II. The R&R Does Not Improperly Rely on Extrinsic Evidence to Determine the Insurers' Liability

Skyline and PCGNY assert that the R&R improperly relies "on AFM's Bill of Particulars from the Underlying Action to find that 'the only damages for which Skyline and PCGNY can be liable for in the Underlying Action relate to the replacement and repair of the roofs.'" Obj. at 2–

7

3. This is patently incorrect. Instead, Judge Aaron relied on the Underlying Complaint and not the Bill of Particulars in making that determination. *See* R&R at 19–20.

The only reason the R&R briefly discusses the Bill of Particulars is because Skyline and PCGNY cite to the Bill of Particulars as support that they may be found liable for damage to something other than their work product. R&R at 23–24. Rejecting this argument, Judge Aaron explained that the Bill of Particulars also demonstrates that "the only damages that Affiliated is seeking in the Underlying Action are damages to Skyline's and PCGNY's own work." *Id.* at 23. And finally, even if Judge Aaron did rely on the Bill of Particulars, such conduct is entirely appropriate as a court may properly look to a bill of particulars to determine whether an insurer has a duty to defend. *See Union Mut. Fire Ins. Co. v. Tejada*, No. 20-CV-9166 (PAE), 2021 WL 3146032, at *5 n.4 (S.D.N.Y. July 23, 2021).

### III. The R&R Correctly Relies on the Claims Stated in the Underlying Action

Skyline and PCGNY argue that the R&R errs by ignoring "the overwhelming evidence from the Underlying Action proving the alleged property damage was caused by Superstorm Sandy and not Skyline's or PCGNY's faulty workmanship." Obj. at 3. There are at least two issues with this argument.

First, the issue of whether the damage in the Underlying Action is the result of faulty work or Superstorm Sandy is a question of causation not before the Court. Instead, the Court is focused on the narrower question of whether the Underlying Complaint alleges an "occurrence" that triggers the Insurers to cover Skyline and PCGNY in the Underlying Action. And of course, the Underlying Complaint does not allege that the damage to the roof was caused by Superstorm Sandy; if the Underlying Complaint had done so, the plaintiff in that case would have no claim against Skyline and PCGNY. Because the Underlying Complaint fails to allege an "occurrence"

8

as defined by the Insurers' policies, the measure of Superstorm Sandy's impact on the roofs is irrelevant.

Second, even if the Court were to consider the effects of Superstorm Sandy, Skyline and PCGNY fail to adequately support their argument that there is "overwhelming evidence" proving that Superstorm Sandy caused the alleged property damage. Indeed, instead of identifying "overwhelming evidence," Skyline and PCGNY simply state (1) that PCGNY and Skyline constructed the roof to its client's specifications, (2) the allegations of faulty work in the Underlying Action contradict Affiliated's own investigation, and (3) that "[t]here is compelling extrinsic evidence that the alleged damage was caused by Superstorm Sandy and not faulty or defective workmanship." *Id*. Such conclusory declarations are insufficient to prove that there is "overwhelming evidence," or even convincing evidence, in the record regarding Superstorm Sandy's impact. And, in any event, that is not a relevant issue before this Court.

Accordingly, the Court finds that the R&R correctly concluded that the Insurers are not obligated to provide coverage in the Underlying Action.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error and finds it to be grounded in fact and law. Thus, for the reasons stated above, Judge Aaron's Report and Recommendation is ADOPTED in its entirety. The Court enters a declaration that Burlington (1) has no duty to defend and/or indemnify PCGNY and/or Skyline under its Policies in connection with the claims in the Underlying Action, (2) is permitted to withdraw from the defense it is currently providing PCGNY in the Underlying Action under one of its policies, and (3) has no duty to reimburse Affiliated for the sums incurred by it in connection with the Underlying Action. Burlington's motion for summary judgment declaring that it is entitled to reimbursement

9

of all costs expended in providing a defense to PCGNY in the Underlying Action is DENIED without prejudice. The Court also GRANTS AESLIC and Navigators' motion for summary judgment and dismisses all claims against them. Finally, the Court DENIES Affiliated's motion.

      The parties are hereby ORDERED to meet and confer and file a joint status update with the Court by **October 4, 2024**. The letter must address whether Burlington intends to renew its motion for a declaration regarding reimbursement of costs for providing a defense in the Underlying Action and, if so, provide a briefing schedule for such motion. The Clerk of Court is directed to terminate ECF Nos. 104, 110, and 115.

Dated: September 16, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge