**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**The Burlington Insurance Company,**

**Plaintiff,**

**-against-**

**PCGNY Corp., et al.,**

**Defendants.**

**1:20-cv-10381 (JGLC) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on July 29, 2026, the U.S. Court of Appeals for the Second Circuit issued a Summary Order vacating the judgment previously entered in this Court, finding a lack of diversity jurisdiction because both The Burlington Insurance Company and Navigators Insurance Company ("Navigators") were Connecticut citizens, *see The Burlington Ins. Co. v. Am. Empire Surplus Lines Ins. Co*., No. 24-2765-CV, 2026 WL 2185265, at *2 (2d Cir. July 29, 2026); and

WHEREAS, the Circuit found that "[t]here [was] a possibility that [jurisdiction] could [be] preserve[d] . . . by dismissing Navigators from the appeal[,]" but that the Circuit needed to consider whether dismissal of Navigators would prejudice any of the parties, *id*.; and

WHEREAS, "[b]ecause of [the] factual dispute" regarding whether prejudice would result from Navigators' dismissal, the Circuit remanded to this Court to "consider whether Navigators' absence will prejudice any of the [remaining] parties in the litigation by, for example, affecting the priority or sufficiency of insurance coverage," *id*. (internal quotation marks and citation omitted); and

WHEREAS, upon remand, District Judge Clarke issued an amended order of reference, referring this action to the undersigned for a report and recommendation regarding the "[r]emanded prejudice determination" (8/13/26 Am. Order of Ref., ECF No. 158); and

WHEREAS, by Order, dated August 20, 2026, the undersigned directed the parties to file briefings and other submissions regarding the prejudice determination (8/20/26 Order, ECF No. 165); and

WHEREAS, the parties thereafter made the required filings regarding the prejudice determination (*see* ECF Nos. 171-72, 174 & 177-81); and

WHEREAS, the record in this case already includes the relevant insurance policies that relate to the priority and/or sufficiency of insurance coverage (*see* ECF Nos. 107-1, 107-2, 108-6, 118-4 & 118-5); and

WHEREAS, "[i]f the court cannot resolve [a] jurisdictional question as a matter of law because of the existence of conflicting evidence, the district court 'may hold an evidentiary hearing, if it considers that such a hearing is warranted.'" *Nam v. Permanent Mission of Republic of Korea to United Nations*, 118 F.4th 234, 244 (2d Cir. 2024) (quoting *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998), *overruled on other grounds by Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395 (2d Cir. 2014)).

NOW, THEREFORE, it is hereby ORDERED that, no later than November 11, 2026, the parties shall file a joint letter indicating whether any party seeks an evidentiary hearing and, if

so, setting forth the witness or witnesses who would be called to testify at a hearing and the nature of the evidence that would be submitted, as well as a proposed schedule for the hearing.

**SO ORDERED.**

Dated: New York, New York
November 4, 2026

Stewart d. Aaron
_______________________________
STEWART D. AARON
United States Magistrate Judge